Filed 3/26/13  P. v. Smith CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BOBBIE SMITH,<br><br>    Defendant and Appellant. | B234315<br><br>(Los Angeles County<br>Super. Ct. No. PA068237)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br>[no change in the judgment] |

THE COURT:

It is ordered that the opinion filed herein on February 27, 2013, be modified as follows:

1.  On page 1, in the first paragraph, the name "Alex Ricciardulli" is changed to "David Gelfound" so the sentence reads:

    David B. Gelfound, Judge.

2.  On page 8, second sentence of the first full paragraph, the words "and indecent exposure charges" are changed to "charge" so the sentence reads:

    The evidence was relevant to the attempted rape charge because it tended to show appellant's disposition to commit sex offense crimes.

3. On page 8, last sentence of the first full paragraph, beginning "The evidence was relevant to the" is deleted and the following sentence is inserted in its place:

> The evidence was relevant to the attempted rape charge because it tended to show appellant's disposition to commit rape.

4. On page 10, second sentence of the first full paragraph, after the word "intent" add "to commit rape" so the sentence reads:

> The evidence of the uncharged offense was sufficiently similar to support an inference that appellant harbored the same intent to commit rape.

5. On page 11, first sentence of the third full paragraph, beginning "Here, there is insufficient evidence" is deleted and the following sentence is inserted in its place:

> Here, there is insufficient evidence to support the jury's determination that appellant engaged in a direct but ineffectual act aimed at having sexual intercourse with A. against her will by means of force.

6. On pages 11 to 12, the sentence commencing at the bottom of page 11 with "It does not support" and ending at the top of page 12 with "A. against her will" is deleted and the following sentence is inserted in its place:

> It does not constitute a direct step toward having sexual intercourse with A. against her will.

7. On page 12, first full sentence of the first paragraph beginning "Likewise, following A." is deleted and the following sentence is inserted in its place:

> Likewise, following A. to the bathroom and standing with his penis exposed would undoubtedly have made A. feel vulnerable and scared, but it does not constitute a direct step to having sexual intercourse with A. against her will as the evidence also showed that even though appellant was close enough to touch A. while in the bathroom, he did not touch her or try to touch her, did not say anything sexual or flirtatious, did not look at or say anything about his penis, and did not do anything to prevent her from leaving the bathroom.

8. On page 14, second to last sentence of the last paragraph beginning "Moreover, the jury could" is deleted and the following sentence is inserted in its place:

> Moreover, the jury could reasonaby conclude that the exposure was purposeful and done for a lewd purpose.

There is no change in the judgment.

Appellant's petition for rehearing is denied.

_____
MALLANO, P. J.                    CHANEY, J.                    JOHNSON, J.